# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

## No. 14-3010

## SUNNY RIDGE MINING COMPANY, INC.
### Petitioner

### v.

## HERBERT KEATHLEY and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR
### Respondents

_____

**On Petition for Review of an Order of the Benefits Review Board, United States Department of Labor**

_____

## BRIEF FOR THE RESPONDENT, HERBERT KEATHLEY

_____

>                Miller Kent Carter
>                *Carter & Lucas*
>                P.O. Box 852
>                Pikeville, Kentucky 41502
>                (606) 433-1997
>                kcarter@carterandlucas.com

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………i

TABLE OF AUTHORITIES……………………………………………….iii

STATEMENT REGARDING ORAL ARGUMENT……………………...iv

STATEMENT OF JURISDICTION…………………………………….. 1

STATEMENT OF THE ISSUES………………………………………...…2

STATEMENTS OF THE FACTS………………………………………...2

A. Statutory and regulatory background………………………...............2

B. Summary of relevant evidence…………………………….………….3

     1. Pulmonary function test results…………………...……………3

     2. Dr. Broudy's opinion……………………………………...…………3

C. Procedural History…………………………………………….………4

SUMMARY OF THE ARGUMENT…………………………………..…4

ARGUMENT……………………………………………………….……..5

A. Standard of review………..…………………………………..………5

B. The ALJ permissibly evaluated the pulmonary function test evidence in finding that Keahtley suffers from a totally disabling respiratory or pulmonary impairment……………………………....5

C. The ALJ permissibly discredited Dr. Broudy's opinion that Keathley does not suffer from legal pneumoconiosis…………………7

CONCLUSION……………………………………………………….....8

CERTIFICATE OF COMPLIANCE.……………….……….……….....9

CERTIFICATE OF SERVICE…………………………………………..10

# TABLE OF AUTHORITIES

**Cases**

*Aimone v. Morrison Knudson Co.*,
    8 BLR 1-32, 1-34 (1985)……………………………………………6

*Greer v. Director, OWCP*,
    940 F. 2d 88, 90-91 (4th Cir. 1991)…………………………………….7

*Harman Mining Co. v. Director OWCP*,
    678 F. 3rd 305 (4th Cir. 2012)……………………………………..………7

*Lewis Coal Co. v. McCoy*,
    373 F. 3rd 570 (4th Cir. 2004)……………………………………....……7

*Roberts & Schaeffer Co. v. Williams,*
    400 Fr. 3d 992 (7th Cir. 2005)…………………………………………….7

*Staton v. Norfolk and Western Railway Co.*,
    65 F. 3d55, 59-60 (6th Cir. 1995)…………………………………………6, 7

*Woodward v. Director, OWCP*,
    991 F. 2d 314 (6th Cir. 1993)……………………………………………..6

**Regulations**

20 C.F.R. § 718.201 (a)……………………………………………………...….7

20 C.F.R. § 718.201 (c)…………………………………………………………….3

## STATEMENT REGARDING ORAL ARGUMENT

Respondent Herbert Keathley believes that oral argument in this case is unnecessary, as the issues raised in this appeal do not involve a novel legal question and can be decided by the Court under existing law. If the Court directs oral argument then Mr. Keathley, by and thru his counsel will of course participate.

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

_____

No. 14-3010

**SUNNY RIDGE MINING COMPANY, INC.**
                              **Petitioner**

v.

**HERBERT KEATHLEY and DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT
OF LABOR**
                              **Respondents**
_____

**On Petition for Review of an Order of the Benefits
Review Board, United States Department of Labor**
_____

**BRIEF FOR THE RESPONDENT,
HERBERT KEATHLEY**
_____

**STATEMENT OF JURISDICTION**

The Director has adequately set out the basis of this Court's jurisdiction to hear this appeal. Further, the Director has accurately noted the pagination issue concerning the Appendix attached to the Petitioner's opening brief and the most appropriate resolution of that issue, which Respondent Keathley will likewise employ.

## STATEMENT OF THE ISSUES

The ALJ ruled that Respondent Keathley was totally disabled based upon the consideration of the seven Pulmonary Function Tests and the evidence of disability demonstrated by five of those tests. The first issue then, is whether this ruling is supported by substantial evidence and in accord with the law applicable to these proceedings.

The ALJ ruled that Dr. Broudy, an expert for the Petitioner, was unpersuasive in his testimony (and in his report) mostly due to basing his opinion on an assumption that is inconsistent with the regulatory definition of pneumoconiosis. Specifically, that Respondent Keathley's chronic bronchitis was not a compensable pneumoconiosis because it should have resolved after his exposure to coal dust ceased. The second issue is whether the ALJ's analysis is supported by substantial evidence and in accord with the law applicable to these proceedings.

## STATEMENT OF FACTS

**A. Statutory and regulatory background**

The summary provided by the Director is more than adequate to apprise the Court of the statutory and regulatory background of this program of compensation for coal miners, including the discussion of "clinical" and "legal" pneumoconiosis,

and their differences. Respondent will not extend this brief by reviewing the same position and adopts the Director's summary on this subsection.

Like the Director (Dir. Br. p. 5; DE 18, p. 13), the Respondent Keathley believes that both legal and clinical pneumoconiosis are latent and progressive and may only be detected after the cessation of coal mine dust exposure. 20 C.F.R. § 718.201 (c).

**B.  Summary of relevant evidence**

The summary provided by the Director is more than adequate to apprise the Court of the relevant evidence. Respondent will not extend this brief by repeating the same material and adopts the Director's summary on this subsection.

### 1.  Pulmonary function test results

The summary provided by the Director is more than adequate to apprise the Court of the Pulmonary Function Test results and the chart provided has been provided by the Petitioner (Pet. Br. 27; DE 13 at 27) and the ALJ (APP. 88; ALJ2 at 7). Another copy of the same chart cannot help with the resolution of this appeal. Respondent will not extend this brief by repeating the same material and adopts the Director's summary on this subsection.

### 2.  Dr. Broudy's opinion

The summary provided by the Director regarding the opinion of Dr. Broudy is more than adequate to apprise the Court of the opinion and the aspects of that

opinion that actually support the ALJ's findings and conclusions. Respondent will not extend this brief by repeating the same material and adopts the Director's summary on this subsection.

**C. Procedural history**

The summary provided by the Director is more than adequate to apprise the Court of the procedural history of this case, including the ALJ's November 18, 2010 decision denying benefits; the Black Lung Benefit Review Board's November 16, 2011 decision vacating the ALJ's denial and remanding the case to the ALJ; the ALJ's January 17, 2013 decision on remand awarding benefits; and the BRB's November 13, 2013 decision affirming the ALJ's award. Respondent will not extend this brief by repeating the same material and adopts the Director's summary on this subsection.

## SUMMARY OF THE ARGUMENT

The decision of the ALJ on January 17, 2013 was within his discretion and his factual findings are supported by substantial evidence. The award must be affirmed.

The decision by the ALJ finding that the totality of the pulmonary function tests demonstrated a totally disabling pulmonary impairment is in accord with the law applicable to these cases. To the extent that the ALJ noted the number of tests, those negative (non-qualifying) and those positive (qualifying) and came down on

the side of the five out of seven qualifying versus the two that were not, the ALJ has explained that ALL the tests were valid. The ALJ discussed the rather narrow window of time of the testing and addressed why the two were not more probative. In fact, the ALJ found ALL equally probative and then analyzed the differences.

The ALJ further discussed the failure of the Petitioner's evidence to rebut the presumption and based his decision on the conflict between Dr. Broudy's testimony and the regulatory definition of pneumoconiosis and Dr. Broudy's reliance on the testing and/or conclusions of Dr. Westerfield, which the ALJ had considered and rejected. (APP. 88; ALJ2 at 8).

## ARGUMENT

### A. Standard of review

The summary provided by the Director on the Standard of Review is more than adequate to apprise the Court of the posture of this appeal. Respondent will not extend this brief by repeating the same material and adopts the Director's summary on this subsection.

### B. The ALJ permissibly evaluated the pulmonary function test evidence in finding that Keathley suffers from a totally disabling respiratory or pulmonary impairment.

Contrary to the position of the Petitioner (Pet. Br. 56-62; DE 13 at 56-62) the ALJ did not simply count the number of Pulmonary Function Tests then make his determination based on which side had the most in its favor; a practice

forbidden by *Woodward v. Director, OWCP*, 991 F. 2d 314 (6th Cir. 1993). In fact, the ALJ found ALL of the Pulmonary Functions Tests valid and the ALJ found, and the calendar will support, that the tests were "sufficiently contemporaneous" (*See Aimone v. Morrison Knudson Co.*, 8 BLR 1-32, 1-34 (1985)) since all were within a seven month period (APP. 88; ALJ2 at 8), and surely one cannot expect that seven tests will be conducted in seven days or even seven weeks. Testing of this extent over a mere seven months is significant and frequent testing and the common sense realization that Respondent Keathley was tested so often in such a short period of time demonstrates just how "contemporaneous" this testing was.

However, some aspect of "counting" when ALL tests are valid and the qualitative considerations are not just ignored is not unreasonable. *See e.g. Staton v. Norfolk and Western Railway Co.*, 65 F. 3d55, 59-60 (6th Cir. 1995). Here the ALJ discussed the totality of this type of evidence and specifically addressed the concern that his opinion was not just counting the number of opinions on each side when compared to the nature of pneumoconiosis and the definitions in the regulations. The ALJ further noted that what was forbidden in *Woodward* is not present when one considers the difference between reading the same x-ray over and over versus testing the Claimant repeatedly in qualifying pulmonary tests. (APP. 88; ALJ2 at 2). This Respondent believes this is sound reasoning.

The Petitioner has via its witness Dr. Broudy (APP. 88; ALJ2 at 8 and 15) contended that that the two non-qualifying should be given more credit because they show the most that the disease when present will allow, but there is no support in the law for that position and as the ALJ pointed out, would lead to the result that the non-qualifying test is always the preferred test. *Id.* In *Greer v. Director, OWCP,* 940 F. 2d 88, 90-91 (4th Cir. 1991), the Fourth Circuit stated that because pneumoconiosis is a chronic condition, on any given day, it is possible for the miner to do better than on his condition would typically permit. To follow the Petitioner's logic would do away with any contested case.

**C. The ALJ permissibly discredited Dr. Broudy's opinion that Keathley does not suffer from legal pneumoconiosis.**

Respondent Keathly cannot really improve upon the argument of the Director on this issue. However, the Petitioner's attempt to downplay the applicability of the "hostility doctrine" (Pet. Br. 48-49; DE 13 at 48-49) when in fact several cases at the Circuit level have recognized that an expert damages his own opinion when it is based on a contradiction to the law or solely upon what the expert believes the circumstance should be, is sufficient reason for Respondent Keathley to reiterate that the ALJ was well within his right to take particular note of Dr. Broudy's position on coal related bronchitis versus the chronic nature of pneumoconiosis in the law. *See Harman Mining Co. v. Director OWCP*, 678 F. 3rd

305 (4th Cir. 2012); *Roberts & Schaeffer Co. v. Williams,* 400 Fr. 3d 992 (7th Cir. 2005); and *Lewis Coal Co. v. McCoy*, 373 F. 3rd 570 (4th Cir. 2004).

20 C.F.R. § 718.201 (c) has determined that pneumoconiosis is a latent and progressive disease which may become detectable only after the cessation of coal dust exposure. This is directly in conflict with the opinion of Dr. Broudy. The Petitioner is trying to split hairs by arguing that the regulation doesn't mean the kind of pneumoconiosis that Dr. Broudy meant (Pet. Br. 50-54; DE at 50-54). 20 C.F.R. § 718.201 (a) states that pneumoconiosis is both "clinical" and "legal" pneumoconiosis. This Court has ruled the same on this issue. Cumberland River Coal Co. v. Banks, 690 F. 3d 477 (6th Cir. 2012).

To the extent that the Petitioner may be attempting to offer an either or argument regarding what Dr. Broudy did or didn't mean, the argument of the Director on the conflict between Dr. Broudy's testimony and the regulatory definition is more than adequate and will not be strengthened by the Respondent Keathley repeating the argument.

## CONCLUSION

The decision of the ALJ as affirmed by the BRB should be affirmed by this Court.

        Respectfully submitted,

        s/ Miller Kent Carter
        HON. MILLER KENT CARTER
        *CARTER & LUCAS*
        P.O. Box 852
        Pikeville, Kentucky 41502
        (606) 433-1997
        kcarter@carterandlucas.com

        HON. WILLIAM L. ROBERTS, ESQ.
        P.O. Box 241
        Pikeville, Kentucky 41502
        *Attorneys for Respondent, Herbert Keathley*

## **CERTIFICATE OF COMPLIANCE**

    Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that this Brief is proportionally spaced, using Times New Roman 14-point typeface, and contains less than 30 pages.

        s/ Miller Kent Carter
        HON. MILLER KENT CARTER
        *CARTER & LUCAS*
        P.O. Box 852
        Pikeville, Kentucky 41502
        (606) 433-1997
        kcarter@carterandlucas.com

        HON. WILLIAM L. ROBERTS, ESQ.
        P.O. Box 241
        Pikeville, Kentucky 41502
        *Attorneys for Respondent, Herbert Keathley*

# CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2014, the Respondent, Herbert Keathley's, Brief was served electronically using the Court's CM/ECF system on the Court and the following:

H. Brett Stonecipher, Esq.
*Fogle, Keller, Purdy*
300 E. Main Street, Suite 400
Lexington, KY 40507

M. Patricia Smith
Solicitor of Labor

Rae Ellen James
Associate Solicitor

Sean G. Bajkowski
Counsel for Appellate Litigation

Ann Marie Scarpino
U.S. Department of Labor
Office of the Solicitor
Suite N-2119
Frances Perkins Building
200 Constitution Avenue, N.W.
Washington, D.C. 20210
*Attorneys for the Director,*
*Office of Workers' Compensation Programs*

s/ Miller Kent Carter